GILLESPIE, Chief Justice:
Helen L. Speake sued Nationwide Life Insurance Company in the Chancery Court of Hinds County, Mississippi, on a group insurance policy and obtained a decree requiring Nationwide to pay her indebtedness to the Mississippi State Tax Commission Federal Credit Union. Nationwide appeals.
Effective April 1, 1964, Nationwide issued a disability rider to its group life insurance policy theretofore issued to the Mississippi State Tax Commission Federal Credit Union. The policy states that a “debtor” is “any natural person who is a maker or co-maker of an eligible loan as specified in the Application.” The policy then defines “insured debtor” as follows:
(a)If the Creditor pays the entire premium for the insurance hereunder, an Eligible Debtor shall become an Insured Debtor on the date on which he becomes an Eligible Debtor.
(b)If, however, an Eligible Debtor is required to make contributions toward the cost of his insurance hereunder he shall become an Insured Debtor on the date on which he becomes an Eligible Debtor, provided that on or before such date he has requested the insurance and agreed to make the required premium contribution.
The policy states that the “term of debtor’s insurance” is “that period of time commencing on the date an Eligible Debtor becomes an Insured Debtor . . . and ending on the date determined in accordance with the section entitled . ‘TERMINATION OF INDIVIDUAL INSURANCE.’ ”
The policy then provides as follows:
VII. TERMINATION OF INDIVIDUAL INSURANCE
If any of the following events occur, the insurance on an Insured Debtor shall automatically terminate:
(a) the indebtedness is discharged or transferred without recourse to another creditor;
(b) this Policy is terminated;
(c) any installment toward the discharge of the Debtor’s indebtedness becomes overdue for more than the number of months specified in Item 5 of the application; Installment payments made subsequent to the Debtor’s becoming in arrears will be considered applied to the payment of unpaid installments in the order in which they became overdue;
(d) the property serving as security for the indebtedness is repossessed by the Creditor;
(e) the indebtedness is reduced to judgment in a court of law;
*481 (f) the expiration of the period for which contribution has been made if the Insured Debtor fails to make any contribution when due required by the Creditor for the cost of the insurance here-, under.
In addition, there was an endorsement which provided:
Hereby amends Creditor’s Group Life Insurance Policy, GCL-9663, issued to your Credit Union as follows:
A. Section VII of the Policy entitled “TERMINATION OF INDIVIDUAL INSURANCE” is revised to provide that insurance on an Insured Debtor shall continue in all circumstances as long as an amount is due and owing the Policyholder and as long as premium is paid during such continuation except that all coverage would terminate in the event the Policy terminated. In cases of continuation of coverage, the amount of insurance shall be equal to the actual amount owed to the Policyholder up to the Policy Maximum.
The provision under the rider providing the disability coverage is as follows:
(1) If any Debtor, while insured under the Policy and prior to his sixty-sixth birthday, becomes totally and permanently disabled, as a result of bodily injury sustained or disease contracted while so insured, so as to be wholly and continuously prevented thereby during his lifetime from engaging in any occupation or from performing any work for compensation or profit, the Company, upon receipt or written proof, satisfactory to the Company, that such disability exists, will pay to the Creditor the amount for which the Debtor’s life was insured when he became so disabled. Such payment shall be applied toward the discharge of the indebtedness of the Debtor to the Creditor.
The case was tried on a stipulation of facts. Beginning on May 17, 1961, the plaintiff, Helen L. Speake, obtained a loan from the Mississippi State Tax Commission Federal Credit Union at a time when she was an approved member of the credit union, and thereafter made seventeen additional loans in various amounts, and the insurance premium was paid to Nationwide on all loans. The rider providing benefits for disabilities caused by injury or disease “contracted while so insured” became effective April 1, 1964, at a time when the plaintiff was a member of the credit union in good standing and indebted to the credit union, and was an insured under one or more loans thereafter until she became disabled as hereinafter stated.
In December 1967, plaintiff was determined to be a diabetic and was informed of this fact, and thereafter had continuous insulin therapy. On March 14, 1970, plaintiff became permanently disabled from diabetes at a time when she owed four notes to the Credit Union, one dated July 8, 1968, with a balance of $1,479.58, plus interest (Nationwide paid this note before this suit was tried) ; one dated July 8, 1968, with a balance of $2,450.00, plus interest; one dated December 31, 1969, with a balance of $166.06, plus interest; and one dated January 1, 1970, with a balance of $449.75, plus interest. It will be noted that these last four notes were all dated after plaintiff was determined to be a diabetic.
The question is whether Nationwide is liable for the amounts due on the last three notes made by plaintiff after she contracted the disease that resulted in total and permanent disability.
Nationwide contends that insurance on each note begins when the note is signed, and since the three notes involved in this suit were not signed “while so insured,” there was no insurance in effect as to these indebtednesses. It appears that each of the last five loans made by the Credit Union to *482 insured represented renewal in part of the former loan except the last loan of $500, which was for the purchase of shares in the Credit Union.
In our view, the contention that insurance begins with each loan is untenable under the terms of the policy and the rider providing coverage for disability. Plaintiff was an insured debtor under the terms of the policy when the disabling disease was contracted. The policy provides under the amendment to Section VII of the policy, entitled “TERMINATION OF INDIVIDUAL INSURANCE,” that said Section VII “is revised to provide that insurance on an Insured Debtor shall continue in all circumstances as long as an amount is due and owing the policyholder and as long as premium is paid during such continuation except that all coverage shall terminate in the event the policy is terminated.”
At all times after the plaintiff contracted and learned of her diabetic condition, there was an amount due and owing the policyholder and all premiums were paid during such continuation. Thus liability is fixed by the precise terms of the policy, including the rider affording disability coverage. The amount of coverage is determined by the last sentence of paragraph 1 of the disability rider, which provides that Nationwide “ [W] ill pay to the Creditor the amount for which the debtor’s life was insured when he became so disabled.” The amount for which plaintiff’s life was insured at the time she became disabled was the amount of her indebtedness to the Credit Union. The liability as found by the chancellor is required by the language of the policy. We hold that the chancellor correctly required Nationwide to pay to the policyholder the amount of plaintiff’s indebtedness at the time she became disabled.
Affirmed.
JONES, BRADY, SMITH and SUGG, JTJ., concur.